UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE:

| | |
|---|---|
| ROLAND GARRISON and<br>PATRICIA A. ASHBURN-GARRISON, | CASE NO.: 25-31187-KKS<br>CHAPTER 7 |

Debtors.
_________________________________/

**AGREED ORDER GRANTING DEBTORS' MOTION TO APPROVE MEDIATED COMPROMISE WITH SHS CONTRACTING, LLC, PURSUANT TO BANKRUPTCY RULE 9019**[1]

THIS CASE came before the Court on negative notice without a hearing for consideration of the *Debtor's Motion to Approve Mediated Compromises with SHS Contracting, LLC, Pursuant to Bankruptcy Rule 9019* (Doc. No. ___) (the "**Motion**"). Through the Motion, the Debtors, **ROLAND GARRISON** and **PATRICIA A. ASHBURN-GARRISON** (the "**Debtors**"), requested entry of an order approving a mediated compromise and settlement (the "**Settlement**") with SHS Contracting, LLC ("**SHS**"), pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9019, and Local Rule 9019-1.

The Court, having jurisdiction under 28 U.S.C. §§ 157(b)(2) and 1334, has considered the Motion, the relief requested therein, prior pleadings on this matter,

[1] All capitalized terms not specifically defined herein shall be ascribed the meaning set forth in the Motion.

and the record as a whole. The Court finds that the Motion was duly served on all creditors and parties in interest pursuant to Fed. R. Bankr. P. 2002(a)(3) as applicable. Due and adequate negative notice of the Motion has been given under the circumstances, and no other or further notice needs to be given. There were no objections timely filed by any party in interest. The Court finds that approval of the compromise and settlement described in the Motion, as set forth herein below, is in the best interests of the estate, creditors, and other parties in interest.

Accordingly, it is hereby

**ORDERED**:

1. The Motion is granted as stated herein below.

2. Upon consideration of the factors established in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), the Settlement Terms in the Motion are approved in their entirety pursuant to 11 U.S.C. §§ 105(a) and Federal Rule of Bankruptcy Procedure 9019. Specifically:

    a. SHS shall have an allowed claim against the Debtors in the Bankruptcy Case in the total amount of two hundred forty thousand eight hundred six dollars and seventy-eight cents ($240,806.78) (the "**SHS Allowed Claim**"), in full and complete settlement of any and all claims held by SHS against the Debtors as of the date of this Order, whether asserted or unasserted, liquidated or unliquidated, and specifically including the claims included in the Walton County Action.

    b. The SHS Allowed Claim shall be partially secured in the amount of $150,000.00 (the "**SHS Secured Claim**") and partially unsecured in the amount of $90,806.78 (the "**SHS Unsecured Claim**").

c. Upon entry of an order approving this Motion and the Settlement Terms set forth herein by the Bankruptcy Court (the "**Settlement Order**" and its date of entry, the "**Settlement Effective Date**"), the SHS Secured Claim shall bear interest at zero percent (0%) per annum for a period of five (5) years.

d. Beginning on the fifth anniversary of the Settlement Effective Date and continuing until maturity, payment, foreclosure, or satisfaction of the SHS Secured Claim, any unpaid principal balance of the SHS Secured Claim shall accrue simple, non-compounding interest at the rate of three percent (3%) per annum. Unless otherwise agreed in writing by the parties, interest shall be calculated on the unpaid principal balance of the SHS Secured Claim only and shall be due at maturity, payoff, foreclosure, sale, transfer, or other event requiring payment of said Claim. There shall be no early payment penalty.

e. The SHS Secured Claim may not be foreclosed until one of the following conditions is met: (i) both of the Debtors are deceased; or (ii) fifteen (15) years elapses following the Settlement Effective Date. Unless earlier matured, paid, satisfied, or otherwise resolved under these Settlement Terms, the SHS Secured Claim, together with all accrued interest then due, shall become fully due and payable on the fifteenth anniversary of the Effective Date or, if such event occurs sooner, upon any of the following events: (a) any voluntary sale of the Property; (b) any voluntary transfer of title to the Property, whether by deed, conveyance, assignment, trust transfer, entity transfer, or other instrument or transaction affecting title; (c) any involuntary transfer of title to the Property; (d) foreclosure of the Property by the prior mortgage holder; or (e) foreclosure of the Property by any future mortgage holder by assignment, judgment lienholder, construction lienor, other lienholder, or by eminent domain or tax deed sale. No transfer, conveyance, or foreclosure by a subordinate lien holder, title change, or other disposition of the Property shall release the SHS Lien or the SHS Secured Claim unless SHS is paid in full on the SHS Secured Claim or unless SHS executes and records a written satisfaction, release, or other instrument expressly releasing its SHS Lien rights. So long as the SHS Secured Claim has not been fully paid, then SHS shall have the right to participate in excess proceeds according to the priority of its Lien in the event of a foreclosure by a superior lien holder.

f. The Debtors must keep the Property insured from casualty for the full value thereof until the SHS Secured Claim is satisfied in full, and in the event of an insured loss of the Property, the SHS Lien shall attach to such proceeds in the same priority as it attaches to the Property under the Settlement Terms.

g. Upon entry of the Settlement Order and as of the Settlement Effective Date, any and all claims held by SHS against the Debtors, or by the Debtors against SHS, whether asserted or unasserted, liquidated or unliquidated, and specifically including the claims included in the Walton County Action, shall be forever released and replaced with the specific obligations and conditions set forth in the Settlement Order. The parties shall each bear their own attorneys' fees and costs related to the Walton County Action and the Bankruptcy Case. However, in the event a foreclosure of the SHS Lien eventually occurs under the Settlement Terms, the prevailing party shall be entitled to recover their reasonable attorneys fees and costs incurred as a result of the foreclosure proceedings only.

h. The Debtors and SHS shall not publicly disparage or degrade one another other, or publicly discuss their prior interactions with one another, following entry of the Settlement Order. The intention of this paragraph is a "walk away" by the parties, one from another, with no future interaction between them except as specifically contemplated by the Settlement Order.

i. SHS may file a copy of the Settlement Order in the Walton County Action as evidence of disposition of the claim(s) asserted therein by final judgment and to facilitate the closing of such Case. Additionally, the Settlement Order may be recorded by SHS in the Public Records of Walton County, Florida, to provide record notice of the reformation, continuation, amount, terms, maturity, enforceability, and priority of the SHS Lien against the Property.

j. SHS will not pursue any cause of action under 11 U.S.C. § 523 against the Debtors in the Bankruptcy Case and shall allow their extended deadline to assert any such claim to pass without further extension except as specifically set forth herein. In the event that this Settlement is not approved in full by the Bankruptcy Court, the Debtors and SHS

agree that SHS shall have fourteen (14) days from entry of any order to initiate a cause of action under 11 U.S.C. § 523.

k. SHS will not interfere in any way with entry of the Debtors' discharge in the Bankruptcy Case.

l. Upon satisfaction of the SHS Secured Claim, SHS shall execute and record an appropriate satisfaction and/or release of the SHS Lien in the Public Records of Walton County, Florida, in accordance with Florida law.

(collectively, the "**Settlement Terms**").

3. In connection with approval of the foregoing Settlement Terms, this Court confirms the following:

a. The Bankruptcy Court has jurisdiction over SHS's claims against the Debtors, including the claims included in the Walton County Action.

b. The Debtors are not required to make regular, recurring payments on the SHS Secured Claim under the Settlement Terms.

c. The SHS Secured Claim arises from the Original Claim of Lien against the Debtors' homestead property first filed by SHS on July 18, 2024 (the "**SHS Lien**"), as amended by the Amended Claim of Lien dated August 30, 2024, and shall relate back to July 18, 2024 (the "**SHS Lien Effective Date**"), in accordance with Florida law.

d. The SHS Secured Claim arises from an asserted construction lien and shall attach to the Property, which is the Debtor's homestead, in accordance with Florida law.

e. The Bankruptcy Court may reform the SHS Lien to secure the specific indebtedness and obligations set forth in this Motion, with lien priority relating back to and effective as of the SHS Lien Effective Date. The purpose and effect of the reformation is to conform the lien rights of record to the parties' settlement and to preserve SHS's lien rights and priority, not to extinguish, release, merge, or impair SHS's lien rights.

f. There exists a principal mortgage recorded before the recording of the Original Claim of Lien in favor of Capital City Home Loans, LLC. The Settlement Order will not impair, alter, avoid, subordinate, or otherwise affect the validity, enforceability, or priority of that prior-recorded mortgage.

g. The SHS Lien is superior in dignity and priority to all liens, claims, encumbrances, transfers, interests, or clouds arising, recorded, or attaching after the SHS Lien Effective Date, excepting only those valid liens or encumbrances recorded prior to the SHS Lien Effective Date, which includes, but is not necessarily limited to, the prior recorded principal mortgage referenced above.

h. The Amended Claim of Lien, the *Lis Pendens*, and the Settlement Order shall be construed together as a continuous record chain giving notice of Plaintiff's lien rights, the pendency of this action, the reformation of SHS's lien, the Allowed SHS Claim, and the lien priority established herein.

i. Because the SHS Lien is reformed as provided herein, the same shall no longer be subject to the statutory one-year limitation period applicable to construction claims of lien and instead shall be subject the terms of the Settlement Order and any limitations periods as may apply to a recorded mortgage or recorded final judgment. No documentary stamps or intangible taxes are deemed due or incurred by the stipulations and agreements memorialized and affirmed by the Settlement Order.

j. The SHS Lien, as amended and as reformed by the Settlement Order, shall continue as a valid, subsisting, enforceable lien securing the SHS Secured Claim against the Property until paid, released, satisfied, foreclosed, or otherwise resolved according to the Settlement Order and applicable law.

4. The Court shall retain jurisdiction to hear and determine all other matters arising from or related to the Motion and the implementation of this Order.

Dated this ____ day of July, 2026.

____________________________
Karen K. Specie
United States Bankruptcy Judge